# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| **DOLLYE GRAHAM-MATTHEWS,** **Individually and in her capacity as the** **Organizer and Managing Member of** **Bolton's Spicy Cafe, LLC, and each of its** **Related entities and/or subsidiaries,** | ) ) ) ) ) | |
| **and** | ) ) | |
| **BOLTON'S SPICY CAFÉ, LLC** **and each of its related entities and/or** **subsidiaries** | ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Judge Campbell** **Magistrate Judge Frensley** |
| **v.** | ) ) ) | **No. 3:25-cv-00079** |
| **L.T. JOHNSON** **Individually and in his capacity as the** **Organizer and Managing Member of** **Bolton's Famous Hot Chicken and Fish,** **LLC, and each of its related entities and/or** **subsidiaries,** | ) ) ) ) ) ) | |
| **and** | ) ) | |
| **BOLTON'S FAMOUS HOT CHICKEN** **AND FISH, LLC** **and each of its related entities and/or** **subsidiaries** | ) ) ) ) ) | |
| **Defendants.** | ) | |

---

## ANSWER OF DEFENDANTS L.T. JOHNSON AND BOLTON'S FAMOUS HOT CHICKEN AND FISH, LLC'S

---

Defendants LaErrol T. Johnson (referred to as "L.T. Johnson" in the complaint")

("Defendant Johnson") and Bolton's Famous Hot Chicken and Fish, LLC (collectively,

"Defendants"), by and through undersigned attorneys, hereby file this Answer to Plaintiffs' Complaint for Declaratory Judgment and state:

**PARTIES**

1. Upon information and belief, Defendants admit the allegations set forth in paragraph 1.

2. Defendants admit that Bolton's Spicy Cafe, LLC is a limited liability company formed under the laws of Tennessee. Defendants are without sufficient information or knowledge to form a belief about the remaining allegations set forth in paragraph 2 and therefore denies the same.

3. Defendants admit the allegations set forth in paragraph 3.

4. Defendants admit the allegation set forth in paragraph 4.

**JURISIDICTION**

5. Defendants deny that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

6. Defendants admit the allegations set forth in paragraph 6.

7. Defendants admit the allegations set forth in paragraph 7.

**FACTS**

8. Defendants admit that Bolton L. Matthews owned and operated a restaurant business known as "Bolton's Spicy Chicken and Fish" (the "Restaurant Business") until his death on June 2, 2021. Defendants deny that Bolton L. Matthews operated the Restaurant Business via Bolton's Spicy Cafe, LLC, which was not formed until after his death. Defendants deny that Plaintiffs own the Restaurant Business; Plaintiff Graham-Matthews sold the Restaurant Business to Defendant Johnson on or about June 26, 2021. Defendants are without sufficient

2

information or knowledge to form a belief about the remaining allegations set forth in paragraph 8 and therefore deny the same.

9. Defendants admit that Bolton L. Matthews was aware of the transaction for the sale of the Restaurant Business to Defendant Johnson and desired for its recipe to remain the same. Defendants otherwise deny the remaining allegations set forth in the first sentence of paragraph 9. Defendants are without sufficient information or knowledge to form a belief about the remaining allegations set forth in paragraph 9 and therefore denies the same.

10. Defendants admit that Plaintiff Graham-Matthews and Defendant Johnson entered into the Agreement attached as Exhibit A to the complaint, pursuant to which Plaintiff sold the Restaurant Business to Defendant Johnson. Defendants otherwise deny the allegations set forth in paragraph 10.

11. The Agreement speaks for itself. To the extent inaccurately stated or inconsistent with its terms, Defendants deny the allegations set forth in paragraph 11.

12. The Agreement speaks for itself. To the extent inaccurately stated or inconsistent with its terms, Defendants deny the allegations set forth in paragraph 12.

13. Defendants deny the allegations set forth in paragraph 13.

14. Defendants deny the allegations set forth in paragraph 14. Defendant Johnson paid an initial payment of $100,000.00 and three additional payments of $15,000.00 as required by the Agreement. Defendant Johnson had no obligation to pay any additional amounts under the Agreement because any further payments were contingent upon a condition that had not yet been fulfilled and also because Plaintiff Graham-Matthews' prior uncured material breach suspended any obligation Defendant Johnson had to perform under the Agreement; however, despite this, Defendant Johnson made $45,000.00 in additional payments toward the purchase price.

3

15. The Agreement speaks for itself. To the extent inaccurately stated or inconsistent with its terms, Defendants deny the allegations set forth in paragraph 15. Defendants deny that any compensation was due to Plaintiff Graham-Matthews under section 6 of the Agreement because any compensation was contingent upon conditions that were not fulfilled.

16. Defendants deny the allegations set forth in paragraph 16.

17. Defendants admit that under section 6 the Agreement, Plaintiff Graham-Matthews' compensation was subject to three conditions, one of which was "certain agreed upon numbers" and that Defendant Johnson and Plaintiff Graham-Matthews did not reach an agreement about those "numbers." Defendants deny that this lack of agreement had any impact on Plaintiff Graham-Matthews' compensation under section 6 of the Agreement because none of the other conditions for that compensation was fulfilled. Defendants otherwise deny the allegations set forth in paragraph 17.

18. Defendants deny the allegations set forth in paragraph 18.

19. Defendants deny the allegations set forth in paragraph 19.

20. Defendants deny the allegations set forth in paragraph 20.

21. Defendants deny the allegations set forth in paragraph 21.

## CAUSES OF ACTION

### Breach of Contract

22. Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-21 as though fully stated herein.

23. Defendants admit the Agreement constitutes a contract between Plaintiff Graham-Matthews and Defendant Johnson. Defendants deny that Plaintiff Bolton's Spicy Cafe, LLC or Defendant Bolton's Famous Hot Chicken and Fish, LLC, are parties to the Agreement. Defendants otherwise deny the allegations set forth in paragraph 23.

4

24. Defendants deny the allegations set forth in paragraph 24.

25. Defendants deny the allegations set forth in paragraph 25.

26. Defendants deny the allegations set forth in paragraph 26.

27. Defendants deny the allegations set forth in paragraph 27.

**Ownership of Intellectual Property**

28. Defendants admit that Bolton L. Matthews used the restaurant name and brand "Bolton's Spicy Chicken and Fish" (the "Brand") in commerce before Defendants but deny that Plaintiff Graham-Matthews or Plaintiff Bolton's Spicy Cafe, LLC, did so. Defendants admit that Plaintiff Graham-Matthews sold the Brand to Defendant Johnson pursuant to the Agreement and deny that Plaintiffs have any ownership in the Brand. Defendants otherwise deny the allegations set forth in paragraph 28.

29. Defendants deny the allegations set forth in paragraph 29.

30. Defendants admit that Defendant Johnson purchased the Brand pursuant to the Agreement and that Defendant Bolton's Famous Hot Chicken and Fish, LLC, uses the Brand in commerce. Defendants otherwise deny the allegations set forth in paragraph 30.

31. Defendants deny the allegations set forth in paragraph 31. Defendants further deny that Plaintiffs have any rights to the use of the Brand pursuant to the terms of the Agreement.

32. Defendants deny the allegations set forth in paragraph 32. Defendants further deny that Plaintiffs have any rights to the use of the Brand pursuant to the terms of the Agreement.

33. Defendants deny the allegations set forth in paragraph 33.

5

**Fraud/Fraud in the Inducement**

34.     Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-33 as though fully stated herein.

35.     Defendants deny the allegations set forth in paragraph 35.

36.     Defendants deny the allegations set forth in paragraph 36.

37.     Defendants deny the allegations set forth in paragraph 37.

38.     Defendants deny the allegations set forth in paragraph 38.

39.     Defendants deny the allegations set forth in paragraph 39.

40.     Defendants deny the allegations set in paragraph 40.

41.     Defendants deny the allegations set in paragraph 41.

**Fraudulent Misrepresentation**

42.     Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-41 as though fully stated herein.

43.     Defendants deny the allegations set forth in paragraph 43.

44.     Defendants deny the allegations set forth in paragraph 44.

45.     Defendants deny the allegations set forth in paragraph 45.

46.     Defendants deny the allegations set forth in paragraph 46.

47.     Defendants deny the allegations set forth in paragraph 47.

48.     Defendants deny the allegations set forth in paragraph 48.

49.     Defendants deny the allegations set in paragraph 49.

50.     Defendants deny the allegations set forth in paragraph 50.

**Breach of Implied Covenant of Good Faith and Fair Dealing**

51.     Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-50 as though fully stated herein.

6

52. Defendants deny the allegations set forth in paragraph 52.

53. Defendants deny the allegations set forth in paragraph 53.

54. Defendants deny the allegations set forth in paragraph 54.

## Promissory Estoppel

55. Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-54 as though fully stated herein.

56. Defendants deny the allegations set forth in paragraph 56.

57. Defendants deny the allegations set forth in paragraph 57.

58. Defendants deny the allegations set forth in paragraph 58.

59. Defendants deny the allegations set forth in paragraph 59.

## Unjust Enrichment

60. Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-59 as though fully stated herein.

61. Defendants deny the allegations set forth in paragraph 61.

62. Defendants deny the allegations set forth in paragraph 62.

63. Defendants deny the allegations set forth in paragraph 63.

64. Defendants deny the allegations set forth in paragraph 64.

65. Defendants deny the allegations set forth in paragraph 65.

## Attorney Fees

66. Defendants restate and incorporate by reference all other averments contained in the paragraphs 1-65 as though fully stated herein.

67. Defendants deny the allegations set forth in paragraph 67.

68. Defendants deny the allegations set forth in paragraph 68.

69. Defendants deny the allegations set forth in paragraph 69.

7

70.     Defendants deny the allegations set forth in paragraph 70.

## AFFIRMATIVE AND OTHER DEFENSES

## FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

### Statute of Limitations

Plaintiffs' causes of action for ownership of intellectual property, fraud, fraud in the inducement, fraudulent misrepresentation, promissory estoppel, and unjust enrichment are barred by the three-year statute of limitations set forth in Tenn. Code Ann. § 28-3-105.

## THIRD DEFENSE

### Intentional Misrepresentation

Plaintiffs' claims are barred because Plaintiff Graham-Matthews induced Defendant Johnson to sign the Agreement by intentionally misrepresenting or failing to disclose material facts, including without limitation that the Restaurant Business had failed to pay more than $142,000 in taxes.

## FOURTH DEFENSE

### Negligent Misrepresentation

Plaintiffs' claims are barred because Plaintiff Graham-Matthews induced Defendant Johnson to sign the Agreement by negligently misrepresenting or failing to disclose material facts, including without limitation that the Restaurant Business had failed to pay more than $142,000 in taxes.

8

**FIFTH DEFENSE**

**Unclean Hands**

Plaintiffs' claims are barred by the doctrine of unclean hands because Plaintiff Graham-Matthews induced Defendant to sign the Agreement or failing to disclose material facts, including without limitation that the Restaurant Business had failed to pay more than $142,000 in taxes.

**SIXTH DEFENSE**

**Equitable Estoppel**

Plaintiffs' claims are barred by equitable estoppel because Plaintiff Graham-Matthews induced Defendant to sign the Agreement by intentionally misrepresenting or failing to disclose material facts, including without limitation that the Restaurant Business had failed to pay more than $142,000 in taxes.

**SEVENTH DEFENSE**

**Prior Material Breach**

Plaintiffs' claims are barred by Plaintiff Graham-Matthews' prior material breaches of the Agreement, including but not limited to:

(a) Failure to perform the services as outlined and required under section 7 of the Agreement.

(b) Failure to fulfill seller warranties under section 10 of the Agreement, specifically, failure:

1) to pay all taxes as required under the Agreement;

2) to provide accurate financial data;

3) to resolve all obligations concerning governmental authorities;

4) to transfer the business free and clear of any liens and encumbrances;

9

5) to indemnify Defendant for payments of taxes due and payable regarding the business assets, which were not paid prior to transfer of the business;

(c) Failure to settle taxes under section 12 of the Agreement;

(d) Failure to indemnify seller for unpaid taxes under section 16 of the Agreement.

**EIGTH DEFENSE**

**Failure of the Occurrence of Condition Precedent**

Plaintiffs' claims are barred because the certain conditions precedent did not occur to trigger Defendants' performance. Specifically, the business's valuation never exceeded the initial purchase price, and the overall employee wages exceeded 25% of the business's revenue.

**NINTH DEFENSE**

**Set-off or Recoupment**

Defendants are entitled to a set-off or recoupment for the amounts Defendants have paid or will pay for delinquent taxes owed by the Restaurant Business, which are not less than $142,504.78.

**ELEVENTH DEFENSE**

**Duplicative Claims**

Plaintiffs' causes of action for fraud and fraudulent inducement should be dismissed as duplicative of their cause of action for fraudulent misrepresentation, and Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing should be dismissed as duplicative of their claim for breach of contract.

**TWELFTH DEFENSE**

**Additional Defenses Disclosed in Discovery**

Defendants reserve the right to amend its answer to allege any additional defenses disclosed through discovery or otherwise.

10

## PRAYER FOR RELIEF

For these reasons, the Court should grant Defendants a judgment:

1. Dismissing Plaintiffs' action with prejudice;

2. Taxing court costs to Plaintiffs;

3. Awarding Defendants reasonable attorneys' fees and litigation expenses to the extent permitted by law; and

4. Awarding such other relief that the Court deems just and proper.

*    *    *

<h1 style="text-align:center">COUNTERCLAIM</h1>

Counter-Plaintiff LaErrol T. Johnson ("Johnson") asserts the following claim against Counter-Defendant Dollye Graham-Matthews ("Graham-Matthews"), pursuant to Rule 13 of the Federal Rules of Civil Procedure, and avers as follows:

<h2 style="text-align:center">PARTIES</h2>

1. Johnson is a citizen and resident of Houston, Harris County, Texas.

2. On information and belief, Graham-Matthews is a citizen and resident of Murfreesboro, Rutherford County, Tennessee and resides at 107 Williamson Court, Murfreesboro, Tennessee 37128.

<h2 style="text-align:center">JURISDICTION & VENUE</h2>

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Johnson and Graham-Matthews are citizens of different states and the amount in controversy exceeds $75,000.

4. The Court has personal jurisdiction over Graham-Matthews as she generally consented to this Court's jurisdiction by filing a lawsuit here.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

<h2 style="text-align:center">FACTUAL ALLEGATIONS</h2>

6. On or about June 26, 2021, Johnson entered into a purchase sale agreement (the "Agreement") with Graham-Matthews for the purchase of the Nashville, Tennessee restaurant business known as Bolton's Spicy Chicken and Fish (the "Restaurant Business"). A copy of the Agreement is attached to this counterclaim as **Exhibit A**.

7. Under the terms of the Agreement, Graham-Matthews made representations and warranties that:

12

a. Graham-Matthews would be responsible for payment of any and all taxes. *See* **Ex. A § 10**;

b. All financial data supplied to Johnson was a total and true representation of the financial position of the business; *Id.*

c. Graham-Matthews was not aware of any governmental or other proceeding threatened against her; *Id.*

d. Graham-Matthews would disclose to Johnson any material or significant information that occurred in the business or affect its assets; *Id.*

e. Graham-Matthews would take full responsibility for payment of federal, state, county, local, and other taxes due and payable. *Id.*

8. Graham-Matthews further agreed "to indemnify, save, and hold Purchaser free, clear, and harmless of, from and against any claim, liability, or demand, which may include but not be limited to. . . tax liabilities. . . that may arise from or relate to the operation or ownership of the business prior to the time of Transfer. *Id.* at § 11.

9. On or about May 11, 2022, Johnson received a "Notice of Levy" (the "Notice") from the State of Tennessee Department of Revenue stating that $142,504.78 in delinquent taxes were owed for the Restaurant Business.

10. The taxes owed had accrued prior to the sale of the Restaurant Business to Johnson.

11. Since receipt of the Notice, Graham-Matthews has not paid any sums to remedy the tax levy despite her obligation to do so under the Agreement.

12. To date, Johnson has made all payments of the owed taxes for the business despite Graham-Matthews' obligation to indemnify Johnson.

13

## CAUSE OF ACTION

### Breach of Contract

13. Johnson incorporates by reference paragraphs 1 – 15 as though fully set forth herein.

14. The Agreement is a valid and enforceable contract.

15. Graham-Matthews breached the Agreement by failing to disclose that the Restaurant Business owed $142,504.78 in delinquent taxes, by failing to pay the delinquent taxes, and by failing to indemnify Johnson for the delinquent taxes and all attorney fees and costs arising from or relating to the delinquent taxes.

16. Johnson is therefore entitled to a judgment awarding compensatory damages in an amount to be determined at trial not less than $142,504.178, pre-judgment interest, and reasonable attorney fees and litigation expenses.

### PRAYER FOR RELIEF

For these reasons, the Court should grant Johnson a judgment:

1. Awarding compensatory damages in an amount to be determined at trial not less than $142,504.178;

2. Awarding pre-judgment interest;

3. Awarding reasonable attorney fees and litigation expenses;

4. Taxing court costs and discretionary costs to Graham-Matthews; and

5. Awarding any other necessary or proper relief.

DATED: June ____, 2025.

14

Respectfully submitted,

*/s/ Kristen J. Walker*

W. Justin Adams (BPR No. 22433)
Kristen J. Walker (BPR No. 35989)
Spencer Fane Bone McAllester LLP
511 Union Street, Suite 1000
Nashville, Tennessee 37219-1778
(615) 238-6300 (Telephone)
(615) 238-6301 (Fax)
wjadams@spencerfane.com
kwalker@spencerfane.com

*Attorneys for Defendants L.T. Johnson and Bolton's Famous Hot Chicken and Fish, LLC*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 11th day of June, 2025, a true and exact copy of the foregoing document was filed electronically, and notice will be sent to the following through the Court's CM/ECF System:

Andrew M. Mitchell
Boon Legal LLC
41 Peabody Street
Nashville, TN 37210
andre@boonlegal.com

*Attorney for Plaintiffs*

/s/ Kristen J. Walker
Kristen J. Walker

16