## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF TENNESSEE AT
## NASHVILLE

DOLLYE GRAHAM-MATTHEWS, )
Individually and in her capacity as the )
Organizer and Managing Member of )
Bolton's Spicy Café, LLC, and each of its )
Related entities and/or subsidiaries, )
                         )
and )
                         )
BOLTON'S SPICY CAFÉ, LLC )
and each of its related entities and/or )
subsidiaries )
     Plaintiffs )     Civil Action No. 3:25-cv-00079
                         )     Chief Judge Campbell / Frensley
v. )
                         )
L.T. JOHNSON )
Individually and in his capacity as the )
Organizer and Managing Member of )
Bolton's Famous Hot Chicken and Fish, )
LLC, and each of its related entities and/or )
subsidiaries, )
                         )
and )
                         )
BOLTON'S FAMOUS HOT CHICKEN )
AND FISH, LLC )
and each of its related entities and/or )
subsidiaries )
     Defendants. )

## INITIAL CASE MANAGEMENT ORDER

    **A.**    **JURISDICTION:** It is disputed whether this Court has jurisdiction pursuant to 28

U. S. C § 1331.

    **B.**    **BRIEF THEORIES OF THE PARTIES:**

    For Plaintiff: Plaintiff, Dollye Graham-Matthews signed a document purporting to be a

purchase and sale agreement (the "Agreement") with Defendant, LaErrol T. Johnson, who

prepared or caused the preparation of the Agreement, in which Defendant agreed to pay Ms. Graham-Matthews $500,000.00 which may be lowered or increased to $1,000,000.00 "if the business reaches certain agreed upon numbers," which are stated nowhere in the agreement or anywhere else. The intent of the parties is further unclear based on the language of the document, as it includes no covenant for Ms. Graham-Matthews' performance beyond Section 4. Engagement, in which Ms. Graham-Matthews agrees to assist in the overall business and management operations of Bolton's Spicy Chicken and Fish (the "Business"). While Defendant did make payments, Defendant never paid Ms. Graham-Matthews the full amount that appeared to be contemplated under this agreement.

As the nexus of its affirmative Defense and Counterclaim, Defendant claims that Ms. Graham-Matthews breached a warranty that would indemnify Defendant from any tax burdens, of which the business entity itself owed $142,504.78 in delinquent taxes at the time of the signing of the agreement. However, Ms. Graham-Matthews contends that (1) the Agreement itself is not enforceable due to ambiguity as to the consideration to be tendered (2) even if the Agreement is enforceable, the Agreement does not sell the entire entity "Bolton's Spicy Cafe, LLC," which is the entity burdened with tax liability, but rather merely states in its recitals:

"WHEREAS, Seller desires to sale (sic) the Business and release *ownership of the name and all assets to Purchaser* and Purchaser desires to purchase *ownership of the name and all assets of the Seller*." (emphasis added); and (3) in order to avoid assuming the tax burden of Bolton's Spicy Cafe, LLC, Defendant would need to have only created a new LLC with a similar name, and assumed any leases under which Ms. Graham-Matthews and her respective organization were tenants, but he instead asserted his purchase of the entity outright, and thus assumed the tax burden entirely uncaused by any acts or omissions of Ms. Graham-Matthews.

Thus, Ms. Graham-Matthews contends that if the Agreement is unenforceable, Defendant never purchased anything but the recipes and has no right to use names or marks associated with the Business. If the agreement is enforceable, Defendant only purchased the assets of the Business, including a license to use the recipes, names, and marks associated with the Business, but never had an obligation to assume any tax burden and was never conveyed the business entity itself.

For Defendant: Defendant, LaErrol T. Johnson entered into a purchase and sale agreement (the "Agreement") with Dollye Graham-Matthews for the purchase of the Bolton's Spicy Chicken and Fish (the "Business"), including its assets, name, and recipes. Defendant purchased the business for $500,000.00, with an upfront payment of $100,000.00. The parties agreed that pursuant to a future valuation of the Business, the purchase price would be adjusted accordingly. Additionally, the parties agreed that additionally payments for the Business would be conditioned upon the Business's success, stating that Mr. Johnson would only be required to make payments if the business reached certain revenue goals and if the employee wages did not exceed twenty-five percent of the business's revenue. Since 2022, the Business's revenue has not exceeded $2,600. Additionally, the employee wages have consistently exceeded twenty-five percent of the business's revenue. Further, pursuant to the Agreement, Ms. Graham-Matthews agreed "to indemnify, save, and hold Purchaser free, clear, and harmless of, from and against any claim, liability, or demand, which may include but not be limited to. . .tax liabilities. . . that may arise from or relate to the operation or ownership of the business prior to the time of Transfer." Mr. Johnson received a tax levy after the purchase of the Business, Mr. Johnson received a tax levy notice stating that the Business owed $142,504.78 in delinquent taxes. To date, Ms. Graham-Matthews has not paid any monies owed for the delinquent taxes, therefore, Mr. Johnson has made payments each month to settle the delinquent tax bill. Ms. Graham-Matthews breached the

Agreement by failing to indemnify Mr. Johnson for the delinquent taxes.

      **C.**      **ISSUES RESOLVED:** Venue.

      **D.**      **ISSUES STILL IN DISPUTE:** Liability and damages.

      **E.**      **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **July 18, 2025.**

      **F.**      **CASE RESOLUTION PLAN AND JOINT STATUS REPORTS:** The parties will engage in one (1) independent attempt at resolution. By not later than **October 31, 2025**, Plaintiffs shall make an initial demand to Defendants, to which Defendants will respond within fourteen (14) days.

By not later than **December 20, 2025,** the parties shall submit a joint report confirming that the parties have made a good faith attempt to resolve the case. The joint report shall also state whether the parties believe ADR might assist in resolution of the case. If a judicial settlement conference is requested in either joint report or separately, the parties shall also state (i) the reasons why mediation is not feasible; (ii) their proposed timing for scheduling of the settlement conference; and (iii) any preference of a particular Magistrate Judge to conduct the settlement conference.

      **G.**      **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **March 20, 2026**. Written discovery should proceed promptly (unless otherwise provided for herein) and initial discovery shall be served by no later than **July 14, 2025**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. This shall not act as a complete bar of written discovery necessitated by the disclosure of information after this date. In such event, the parties shall work cooperatively to agree to a limited extension of this deadline to allow such narrow additional discovery, as needed under such circumstances.

4

No discovery disputes may be brought to the Court for resolution before lead counsel for all parties has conducted an **in-person meeting** and made a **good faith effort** to resolve any dispute(s). Discovery disputes that cannot be resolved after the in-person meeting should be brought promptly to the attention of the Magistrate Judge by a request for a discovery conference. It will be within the Magistrate Judge's discretion whether to allow for the filing of discovery-related motions. All discovery motions shall be filed by no later than **April 20, 2026**. In connection with any discovery conference or discovery motion, the parties shall file a joint discovery dispute statement, which describes the specific discovery request(s) in dispute and details each party's position with supporting fact and legal authorities. The joint discovery dispute statement shall certify that lead counsel for all parties conducted the aforementioned in-person meeting and made a good faith effort to resolve each discovery dispute presented in the statement. If the joint statement is sufficiently detailed, any party may adopt by reference the joint statement for purposes of Local Rule 7.01, but must clearly state in the filing made in accordance with the timing requirements of Local Rule 7.01 that the joint statement is adopted as the party's memorandum of law or response.

**H.    PROTECTIVE ORDER.**    The Parties are working together to draft and then file a Proposed Agreed Protective Order to govern the treatment of confidential, proprietary, financial and/or trade secret information, documents, or other materials to be produced and/or disclosed during the pendency of the action. The Parties agree to abide by the terms of that Order, should the Court enter it.

**I.    MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed by no later than **September 22, 2025,** and must comply with Local Rules 7.01 and 15.01.

**J.** **DISCLOSURE AND DEPOSITIONS OF EXPERTS:** The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **February 16, 2026**. The defendant shall identify and disclose all expert witnesses and reports on or before **March 16, 2026.** Rebuttal experts shall be permitted only by leave of court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e). Supplemental expert opinions or other expert disclosures not timely disclosed may be excluded at trial. See Local Rule 39.01(c)(5)(C). Expert depositions shall be completed by **April 27, 2026**.

**K.** **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held telephonically on **February 18, 2026, at 9:00 a.m.**, to address: status of discovery (including any known or anticipated discovery issues or disputes); prospect for settlement (including propriety of ADR); and, any other appropriate matters. The Parties shall call 1-855-244-8681, at the appointed time. and when prompted for the access code, enter 23139129180# to participate in the Conference. If a party has difficulty connecting to the call or has been on hold for more than five (5) minutes, please contact chambers at 615-736-7344.

**L.** **ELECTRONIC SERVICE:** The Parties agree to service of case-related material not otherwise filed through the Clerk's Office by email attachment in portable document format in conformance with ECF filing rules, in addition to any other format as agreed, sent via email to opposing counsel, who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies, The Parties shall provide each other .doc or .docx (Word) versions of any written discovery on request.

**M.** **DISPOSITIVE MOTIONS:** As provided above, the parties must attempt to

resolve the case prior to the filing of dispositive motions. Dispositive motions shall be filed by no later than **June 12, 2026**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except by permission of the Court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the Court.

Before filing a summary judgment motion, attorneys are required to read and follow Judge Richardson's guidance in *McLemore v. Gumucio*, 619 F. Supp. 3d 816 (M.D. Tenn. 2021) (*rev'd on other grounds*), regarding what should (or should not) be included in the movant's "statement of undisputed material facts."

**N.** **ELECTRONIC DISCOVERY:** The Parties have reached the following agreements on how to conduct electronic discovery. Disclosure or discovery of electronically stored information ("ESI") should be handled as follows:

**1.** **Preservation.** The parties agree to take reasonable and proportional measures to preserve and not destroy or alter discoverable ESI in the party's possession, custody, or control that is relevant to the claims or defenses in the litigation. The producing party is best situated to evaluate and defend the methods and protocols appropriate for preserving its own ESI.

**2.** **Duty to Confer**. At the request of any party seeking ESI discovery, the party will meet, confer, and cooperate with respect to identifying potentially responsive ESI and with respect to reviewing and producing ESI during discovery. To limit unnecessary costs, requests for production of ESI will be limited to: (1) non-privileged and non-confidential ESI reasonably

available to Defendants in ordinary course of business, without imposing undue burden or expense, and proportional to the needs of the case; and (2) non-privileged and non-confidential ESI reasonably available to Plaintiff, without imposing undue burden or expense, and proportional to the needs of the case. At the request of any party seeking ESI discovery, the parties will meet, confer, and cooperate to try to agree upon a list of appropriate custodians and search terms to aid in searching for emails responsive to written discovery. If the parties cannot agree on a list of appropriate custodians and search terms, they will seek the Court's assistance in the matter in accordance with the discovery dispute resolution procedures.

3.      **Collection.** The producing part is in the best position to determine the method by which it will collect ESI. Parties need not collect ESI before they have conferred regarding the form of production. To the extent the parties have a dispute regarding the method of collection, the parties should be prepared to submit promptly such a dispute to the Court for resolution in accordance with the discovery dispute resolution procedures.

4.      **Search.** The producing party is best situated to evaluate the methods and protocols appropriate for searching its own ESI. ESI searches shall be done using methods and protocols selected by the producing party, if reasonable and likely to locate relevant ESI. To the extent the parties have a dispute regarding search methodology, the parties should be prepared to submit promptly such a dispute to the Court for resolution in accordance with the discovery dispute resolution procedures.

5.      **Production.** ESI shall be produced in a form or forms that is reasonably usable and proportionate, considering such factors as the cost of the form(s) of production, the volume of ESI at issue, and whether there is a need for searchability and metadata. ESI shall be produced in a searchable format to the extent possible and reasonable under the circumstances. ESI shall be

served electronically on a USB drive, on CDs or DVDs, by secure web-based filed transfer program or in other electronic form. To the extent the parties have a dispute regarding form or method production, the parties should be prepared to submit promptly such a dispute to the Court for resolution in accordance with the discovery dispute resolution procedures.

        **6.**     **Privilege.** The production of privileged or work-product protected documents, ESI, or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information for relevance, responsiveness and/or segregation of privileged and/or protected information before production. The parties will make objections to producing privileged documents during responses to discovery requests, and upon an inadvertent disclosure of privileged documents or information the producing party shall notify the other parties of the disclosure, and the receiving parties shall promptly return the privileged material and retain no copies of such materials (unless otherwise agreed). Parties are not required to include on privilege logs any document generated after the filing of the Complaint. The parties reserve their right to file a Proposed Stipulated Protective Order, if such becomes necessary.

        **7.**     Any agreement between the parties to address the topics provided by Administrative Order No. 174-1 must be reduced to writing, signed by counsel, and either filed as a stipulation of agreed-upon electronic discovery procedures, or, if the parties request court approval, submitted as a proposed agreed order with an accompanying motion for approval.

        **O.**     **MODIFICATION OF CASE MANAGEMENT ORDER:** Any motion to modify the case management order or any case management deadline shall be filed at least seven

9

(7) days in advance of the earliest impacted deadline. Unless a joint motion, the motion for modification must include a statement confirming that counsel for the moving party has discussed the requested modification or extension with opposing counsel and whether or not there is any objection to the requested modification or extension. The motion for modification must also include: (i) the trial date and all deadlines, even unaffected deadlines, so that it will not be necessary for the Court to review one or more previous case management orders in consideration of the motion and (ii) a statement that the requested extension will still conform to the requirements of Local Rule 16.01(h)(1) that no dispositive motion deadline, including response and reply briefs, shall be later than 90 days in advance of the trial date. Motions for extensions should also detail the moving party's efforts at diligently complying with the originally schedule deadline and the facts demonstrating good cause for modification of the deadline as required by Fed. R. Civ. P. 16(b)(4)

     **P.**     **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The **BENCH** trial of this action is expected to last approximately three (3) days. A trial date no earlier than **December 7, 2026,** is respectfully requested[1].

     **IT IS SO ORDERED.**

                                                **JEFFERY S. FRENSLEY**
                                              **United States Magistrate Judge**

---

[1] The parties were also reminded during the case management conference of their option to consent to final disposition by the Magistrate Judge pursuant to Fed. R. Civ. P. 73 and Local Rule 73.01. As discussed, if the parties wish to utilize this option, they may jointly complete and electronically file the form Notice, Consent and Reference of a Civil Action to a Magistrate Judge found on the Court's website under the link for Forms. Not consenting will not result in any adverse consequences, and the Notice should be filed only if all parties consent to final disposition by the Magistrate Judge.